**In re Edward J. MUZZRELL, Petitioner,**

v.

**Bill ARMONTROUT, Warden, Missouri Penitentiary, Jefferson City, Missouri, Respondent.**

**No. WD36203.**

Missouri Court of Appeals, Western District.

June 4, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied July 30, 1985.

Application to Transfer Denied Sept. 10, 1985.

Donald L. Catlett, Public Defender, Jefferson City, for petitioner.

William L. Webster, Atty. Gen., Deborah Neff, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, J.P., and SHANGLER and SOMERVILLE, JJ.

ORIGINAL PROCEEDING IN HABEAS CORPUS

PER CURIAM:

Petitioner Muzzrell filed a petition for a writ of habeas corpus, alleging he was being unlawfully detained by the respondent, Warden of the Missouri Penitentiary, Jefferson City, Missouri.

The facts relevant to Muzzrell's claim are as follows: In October of 1982, Muzzrell was a prisoner in the Kansas City Honor Center. On October 27, 1982, he was permitted to leave the Honor Center for one day for the purposes of employment. Muzzrell failed to return from that leave and, on October 29, the Jackson County Prosecutor's Office was notified that he was an escapee from the Kansas City Hon-

or Center. Based on that report, the Jackson County Prosecutor caused the issuance of a warrant for Muzzrell's arrest for failure to return to confinement. Sometime prior to January 25, 1983, and apparently about January 23, 1983, Muzzrell was arrested on the fugitive warrant in the State of Florida. The Florida authorities then notified the Jackson County Prosecutor that Muzzrell had been apprehended and asked if Jackson County desired to extradite Muzzrell. The plain implication of that request and the subsequent order is that Muzzrell had refused to waive extradition for his return to Missouri upon the fugitive warrant. The Jackson County Prosecutor's office notified the Florida officers that they no longer desired Muzzrell's extradition. On January 25, 1983, under case No. FW83–22, in the County Court for the 9th Judicial Circuit in Orange County, Florida, in a proceeding styled, "In Re: Extradition of Edward J. Muzzrell," the following order was entered:

> This cause coming to be heard on the 25th day of January, 1983, and the Court being advised that the within named Defendant Edward J. Muzzrell having been arrested as a Fugitive from Justice on the 23rd day of January, 1983, based on charges in the State of Missouri and the authorities in said state having reviewed the case and having notified this department that they no longer desire extradition of the defendant, it is hereby, ORDERED that the defendant be released from the custody of the Sheriff of Orange County on the matter of FAILURE TO RETURN TO CONFINEMENT from the State of MISSOURI. Dated this the 25th day of JANUARY, 1983.

As a consequence of this order, Muzzrell was released and was thereafter apprehended in the State of Illinois on May 29, 1983, on the same fugitive warrant, which had not been withdrawn. There is some confusion about what happened in Illinois and the record is far from satisfactory as to what actually occurred. There was an exchange of telephone calls between the Illinois authorities and the Kansas City Honor Center, but, in any event, Muzzrell was released by the Illinois authorities.

The Honor Center authorities indicated that they would have proceeded to extradite Muzzrell on either the Florida or the Illinois arrest, but were unable to do so. In the Florida case, the Honor Center authorities were unaware that he had been apprehended. In the Illinois case, he had been released before normal working hours on Monday, when the Honor Center contacted the Illinois authorities and requested that he be detained for extradition. Muzzrell again surfaced on June 24, 1983, in Wisconsin. At that time, Muzzrell waived extradition and was returned to Missouri, to the custody of the Department of Corrections.

The writ in this case issued upon the representations contained in Muzzrell's petition, that the State of Missouri had waived its right to exact the remainder of its sentence imposed upon him by relinquishing jurisdiction in the Florida and Illinois proceedings.

In support of that position, petitioner has cited *Shields v. Beto*, 370 F.2d 1003 (5th Cir.1967), and *Ex Parte Bugg*, 163 Mo.App. 44, 145 S.W. 831 (1912). Petitioner's position is that the principles of *Shields* and *Bugg* require, first, that petitioner be discharged outright because of the state's waiver, evidenced by its release of petitioner from both Florida and Illinois custody, of its right to execute the sentence, and second, that petitioner is, at the least, entitled to credit for time served between the time of his release in Florida on January 25, 1983, and his final apprehension in Wisconsin on June 24, 1983.

*Ex Parte Bugg* and a subsequent case, *Ex Parte Brown*, 297 S.W. 445 (Mo.App. 1927), indubitably hold that a stay of execution of a sentence, at the state's request and without any fault on the prisoner's part, voids, after substantial delay, further execution of the sentence. In *Bugg*, the

delay was three years from release until the attempt at execution of a short sentence, which would have been served if promptly executed. In *Brown*, the delay was one year and 10 months; and in *Shields*, the delay was 26 years.

No violence is done to the principles of *Bugg, Brown*, and *Shields* by denying petitioner relief in the instant case. First, there is no lengthy period of delay between the release by the State and the attempted execution of the sentence. Even if the actions of the Missouri authorities were considered to be a release in either the Florida or Illinois arrests, the time elapsed is not sufficient to show a waiver by the state with respect to the execution of the sentence petitioner was serving.

Second, and more importantly, none of the cases referred to involves the escape of a prisoner and a subsequent interstate flight. In the instant case, petitioner undeniably contested the validity of his sentence in Florida. It is a reasonable inference that he also did so in Illinois. The Florida proceeding shows upon its face that it was an extradition proceeding, which would not have been commenced if the prisoner had waived extradition. The prisoners in *Bugg* and in *Brown* created no such impediment to their incarceration and the courts properly found the delay was attributable only to the state's inaction. In the instant case, petitioner cannot have it both ways. He cannot assert, in the Florida and Illinois proceedings, that Missouri has no right to his custody, and, subsequently, claim that he was available to the Missouri authorities for execution of his sentence. Nor does this petition come within the rationale of *Shields*, where the prisoner was at liberty for 26 years without detainer and for 16 years without charges, and the state then attempted to revive a sentence imposed 26 years before.

There is no basis to afford the petitioner relief upon his petition for writ of habeas corpus and he is remanded to the custody of the Department of Corrections.